IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ASHINA MEHTA, KARA CONRAD, LAURA SHUSTER, and POPEYES CHICKEN,<br><br>　　　　　　　Defendants. | 8:24CV197<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, filed by Plaintiff Dukhan Mumin ("Mumin") on May 30, 2024. Upon review of Mumin's IFP Motion, the Court finds that Mumin, a non-prisoner, is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Mumin's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this review, the Court also considers the "Notice" filed by Defendant Eat Out Now d/b/a Popeye's Chicken ("Popeye's") on June 7, 2024. Filing No. 5.

**I. SUMMARY OF COMPLAINT**

　　Mumin sues Popeye's and three employees of Popeye's, Ashina Mehta, Kara Conrad ("Conrad"), and Laura Shuster, (collectively "Defendants") for alleged "retaliation and wrongful termination in violation of the Constitution and laws of the United States, particularly the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the federal constitution, Article I, Sections 3 and 11 of the Nebraska Constitution, the Civil Rights Act, civil conspiracy, defamation, libel, slander, and invasion of privacy, as well as Title 42 U.S.C.A. 1981, 1983, and 1988." Filing No. 1 at 1, ¶ 1.

Mumin alleges that on August 12, 2022, he intervened to prevent Conrad and another Popeye's employee from violently attempting to assault a customer with a knife. Conrad "became irate with Mumin for intervening" and told him to leave the store. *Id*. at 3, ¶ 18. Mumin complained to Popeye's corporate office regarding the August 12, 2022, incident and asked them to investigate. Though the corporate office instructed Popeye's to investigate the matter, Defendants responded by firing Mumin on August 16, 2022, accusing him of poor performance, improper use of the company phone, refusing to complete training, and socializing with friends and relatives instead of doing his training. Mumin alleges his firing was in retaliation for engaging in "protected activity," specifically his intervention to prevent the assault on a customer. *Id*., ¶ 17.

After Mumin filed his Complaint, Popeye's submitted its Notice to inform the Court that Mumin "previously filed a nearly identical lawsuit—against the same defendants—in the District Court for Douglas County, captioned as *Mumin v. Mehta et al.*, Case No. CI23-1763." Filing No. 5 at 1. Attached to Popeye's Notice are various state court records[1] which show that Mumin filed a complaint on March 8, 2023, in the District Court of Douglas County, Nebraska, followed by an amended complaint filed on October 10, 2023, which generally alleged claims for employment retaliation and civil conspiracy stemming from his involvement in the same August 12, 2022, altercation at issue in his present Complaint. *See* Filing No. 5-1. The Douglas County District Court dismissed Mumin's amended complaint with prejudice on December 14, 2023. Filing

---

[1] This Court also has been afforded access to the computerized record keeping system for the Nebraska state courts and was able to review online the same court records provided by Popeye's. The Court takes judicial notice of the state court records related to this case in *Mumin v. Mehta et al.*, Case No. CI23-1763, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

No. 5-2. Mumin appealed, but the Nebraska Court of Appeals dismissed his appeal on March 7, 2024, after Mumin failed to file a brief. Filing No. 5-3. The mandate issued on April 12, 2024, and the Douglas County District Court entered an order on the mandate on April 15, 2024. Filing No. 5-4; Filing No. 5-5.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation

3

is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Under the doctrine of claim preclusion, Mumin's claims against Defendants for retaliation and wrongful termination are precluded by the judgment entered in Douglas County District Court Case No. CI23-1763. Mumin has, therefore, failed to state a claim upon which relief can be granted. See C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763–64 (8th Cir. 2012) (affirmative defense of res judicata can provide the basis for dismissal under Rule 12(b)(6) where it is apparent from the face of the complaint, including public records embraced by the complaint); Valentine v. Brown, No. 8:18CV69, 2018 WL 5298742 (D. Neb. Oct. 25, 2018) (dismissing pro se plaintiff's complaint on the Court's own motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by claim preclusion).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001). This Court must give a state court judgment the same

preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1019 (8th Cir. 2011).

"Under Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." *Hill v. AMMC, Inc.*, 915 N.W.2d 29, 33 (Neb. 2018). "The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action." *Fetherkile v. Fetherkile*, 907 N.W.2d 275, 286 (Neb. 2018). Moreover, under Nebraska law, "[w]hether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right sought to be vindicated rests upon the same operative facts. If so, the same cause of action has been alleged, even if different theories of recovery are relied upon." *Cole v. Clarke*, 641 N.W.2d 412, 416 (Neb. App. 2002) (internal citation omitted). *See also Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052–53 (8th Cir. 2004) ("Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." (internal quotation omitted)).

The District Court of Douglas County, Nebraska, previously rendered judgment in a suit brought by Mumin arising out of the same facts at issue here, i.e. Defendants' alleged retaliation against and wrongful termination of Mumin based on his intervention in the August 12, 2022, altercation between Conrad and a customer. The Douglas

5

County District Court's judgment was based upon proper jurisdiction, *see* Neb. Rev. Stat. § 24-302, and resulted in a final judgment on the merits. *See Trausch v. Hagemeier*, 985 N.W.2d 402, 415 (Neb. 2023) ("A dismissal with prejudice is a final judgment, because it operates as a rejection of the plaintiff's claims on the merits and claim preclusion applies."). Finally, the same parties were involved in both actions. Thus, the doctrine of claim preclusion bars Mumin's present claims against Defendants.

## IV. CONCLUSION

Mumin is precluded from relitigating his claims against Defendants pursuant to the doctrine of claim preclusion. Mumin's Complaint, therefore, must be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Mumin's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed with prejudice for failure to state a claim upon which relief may be granted.

3. The Court will enter judgment by separate document.

Dated this 27th day of June, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge