IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>           Plaintiff,<br><br>     vs.<br><br>ASHINA MEHTA, KARA CONRAD, LAURA SHUSTER, and POPEYES CHICKEN,<br><br>           Defendants. | 8:24CV197<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Dukhan Mumin's ("Mumin") Motion for Reconsideration/Motion to Alter or Amend pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).[1] Filing No. 10. As explained below, under either rule, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on July 15, 2024.

>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Mumin asks the Court to reconsider its Memorandum and Order, Filing No. 8, and Judgment, Filing No. 9, entered on June 27, 2024, dismissing Mumin's Complaint with prejudice for failure to state a claim for relief because his claims were precluded by the judgment entered in District Court of Douglas County, Nebraska, Case No. CI23-1763.  Mumin argues that the "judgment rendered in CI23-1763 is void because the District Court lacked personal and subject matter jurisdiction" since the Nebraska Workers' Compensation Court is the exclusive venue to resolve his work-related "personal injury claims."  Filing No. 10 at 2.  Defendant Eat Out Now d/b/a Popeye's Chicken ("Popeye's") filed a brief in opposition to Mumin's motion asserting Mumin's arguments are "nonsensical" and "frivolous."  Filing No. 11.  The Court agrees with Popeye's.

Mumin chose to institute his civil action in the Douglas County District Court so his after-the-fact complaints about the absence of personal or subject matter jurisdiction are disingenuous at best.  Moreover, his argument that the Nebraska Worker's Compensation Court is the exclusive venue for resolving his claims is, as Popeye's suggests, "equally nonsensical."  Filing No. 11 at 4.  The Nebraska Worker's Compensation Act addresses injury claims arising from an accident in the course of an employee's employment.  *Culp v. Archer-Daniels-Midlands Co.*, No. 4:08CV3197, 2009

2

WL 1035246, at *3 (D. Neb. Apr. 17, 2009) (citing *Jones v. Rossback Coal Co.*, 264 N.W. 877, 878 (Neb. 1936) ("It is the universal rule that, where employer and employee are operating under the Workmen's Compensation Law, and the employee suffers injury by reason of an accident, arising out of and in the course of his employment, he must look exclusively to the Compensation Act for his remedy.")). Mumin's action in the Douglas County District Court alleged claims for employment retaliation and civil conspiracy so the Worker's Compensation Act is inapplicable. Even if Mumin's claims were governed by the Worker's Compensation Act, he would be required to litigate his claims in the Nebraska Worker's Compensation Court, not here.

Accordingly, upon consideration of Mumin's Motion, the Court concludes Mumin has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Mumin has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that: Plaintiff Dukhan Mumin's Motion for Reconsideration/ Motion to Alter or Amend, Filing No. 10, is denied.

Dated this 16th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge